**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 26-cv-60382-EA**

**Yanelkis Aragón,** *as next friend on*
*behalf of* **Nelson Morales Garrote**,

   Petitioner,

v.

**United States Department of**
**Homeland Security, *et al.*,**

   Respondents.

              /

## ORDER DISMISSING PETITION WITHOUT PREJUDICE
## AND DENYING MOTIONS

**THIS CAUSE** comes before the Court on Petitioner Nelson Morales Garrote's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [ECF No. 1] and corresponding Emergency Motions for Immediate Release [ECF No. 3], to Expedite Consideration [ECF No. 4], and for Temporary Restraining Order [ECF No. 5] (collectively, the "Emergency Motions"), all purportedly brought on his behalf by his spouse, Yanelkis Aragón [ECF No. 1-2 pp. 1–2]. For the reasons stated below, the Petition is **DISMISSED WITHOUT PREJUDICE**.

\*\*\*

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts have found that, consistent with the text of § 2242 and in very limited circumstances, a non-party may prepare and prosecute habeas petitions as a petitioner's "next friend." *See Lonchar*

1

*v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992) (ruling that, subject to requirements imposed by the United States Supreme Court, "a would-be next friend" may "seek[] a writ of habeas corpus on behalf of another"); *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)[1] (noting that the "actual practice of entertaining such so-called 'next friend' applications, while not common, may occasionally be useful or even necessary").

However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Lonchar*, 978 F.2d at 641 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).   Instead, the person seeking "next friend" status must (1) provide an "adequate explanation" of "why the real party in interest cannot appear on his own behalf to prosecute the action" and (2) show that they are "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Whitmore*, 495 U.S. at 163.   First, an "adequate explanation" includes "inaccessibility, mental incompetence, or other disability." *Id*.; *see also Weber*, 570 F.2d at 514 n.4 (recognizing "impossibility of access to the person" as an "illustration[] of the proper use of the 'next friend' application").   Second, true dedication to a party's best interests may be demonstrated through the existence of a "significant relationship with the real party in interest," such as familial ties. *Whitmore*, 495 U.S. at 163–64; *see also Movimiento Democracia, Inc. v. Johnson*, 193 F. Supp. 3d 1353, 1367 (S.D. Fla. 2016) (recognizing that a plaintiff's "parents and close relatives . . . satisfy the 'significant relationship' requirement").   Ultimately, "the burden is on the 'next friend'" to clearly "establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164; *see*

---

[1] All decisions "of the United States Court of Appeals for the Fifth Circuit" handed down on or before September 30, 1981, are binding in the Court of Appeals for the Eleventh Circuit.   *See Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1207 (11th Cir. 1981).

*also Lonchar*, 978 F.2d at 641 (ruling that "the logic of *Whitmore* . . . applies where . . . a would-be next friend seeks a writ of habeas corpus on behalf of another").

Ms. Aragón's status as Petitioner's spouse is likely sufficient to show that she is "truly dedicated" to Petitioner's best interest. *See Whitmore*, 495 U.S. at 163–64; *see also Movimiento Democracia, Inc.*, 193 F. Supp. 3d at 1367. However, Ms. Aragón has failed to provide an "adequate explanation" of why Petitioner cannot prosecute the instant action himself. *Whitmore*, 495 U.S. at 163. While Ms. Aragón alleges that Petitioner is suffering from "significant weight loss," "anxiety, depression, and elevated blood pressure," she fails to prove that Petitioner is inaccessible. *Cf. id.*; *Weber*, 570 F.2d at 514 n.4. Indeed, Ms. Aragón's indication that she has "observed" Petitioner's "significant weight loss" demonstrates that, to a certain extent, she has access to Petitioner [ECF No. 1-2 p. 2]. Therefore, because Ms. Aragón has not sufficiently pled an entitlement to "next friend" status, she is without the authority to file on Petitioner's behalf.

But even if Ms. Aragón had properly pled an entitlement to "next friend" status, she would still not be entitled to proceed on Petitioner's behalf. Ms. Aragón does not claim to be an attorney, and a "next friend" who is not an attorney cannot represent another in a civil action. *See, e.g.*, *Warner v. Sch. Bd. Of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024) (reiterating that "parents who are not attorneys may not bring a *pro se* action on their child's behalf" because Federal Rule of Civil Procedure 17(c) "does not confer on" next-friend representatives "a right to act as legal counsel"); *Giralt ex rel. Martin-Martinez v. Hardin*, No. 26-cv-97, 2026 WL 289013, at *1 (M.D. Fla. Feb. 4, 2026) (ruling that the spouse of an immigration detainee could "not represent her spouse in this action" as a next-friend because she did "not claim to be a lawyer"); *see also Elustra v. Mineo*, 595 F.3d 699, 704, 706 (7th Cir. 2010)

3

("Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney" and noting that "[m]any good reasons exist for the strict adherence to this rule, not the least of which is that a party may be bound, or his rights waived, by his legal representative" (citations omitted)); *Cheema v. Warden, California City Det. Facility*, No. 1:26-CV-00203-DC-DMC-HC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) ("[*P*]*ro se* litigants have no authority to represent anyone other than themselves"); *cf. Weber*, 570 F.2d at 514 ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law").. Therefore, Ms. Aragón independently fails to plead an entitlement to "next friend" status on this ground.

Because Ms. Aragón has failed to demonstrate an entitlement to "next friend" status, she lacks standing to initiate this action on Petitioner's behalf.   *See, e.g.*, *Weber*, 570 F.2d at 514 ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition"); *Francis v. Warden, FCC Colemand-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition").   Dismissal without prejudice is therefore warranted.

***

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. All pending motions are **DENIED AS MOOT**.

4

3. **The Clerk SHALL MAIL a copy of this Order and a Form Habeas Petition to Petitioner at the address below, as well as to Ms. Aragón at the address below, and thereafter confirm compliance on the docket**.

4. Petitioner may file, either truly pro se or through a lawyer representing him, an amended petition within **30 days** of the issuance of this order. Failure to timely file an amended petition in accordance with this Order shall result in the closure of this case without further notice being given.

5. Ms. Aragón shall not make any more filings in this case. Any further filing made by Ms. Aragón shall be stricken from the record without further notice being given.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 23rd day of April 2026.



**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

    **Nelson Morales Garrote,** *pro se*
A# 220736328
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

    **Yanelkis Aragón**
465 E. 28th Street
# 6
Hialeah, FL 33013

    **Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

    **Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

    **Alexander N. DerGarabedian**
US Attorney's Office
Email: alexander.dergarabedian@usdoj.gov